# EXHIBIT G

J. MATTHEW WOLFE, ESQUIRE
I.D. NO. 34814
4256 Regent Square                               Attorney for Appellant
Philadelphia, PA  19104
(215) 387-7300
Matthew@Wolfe.org

---

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | No. 232 EDA 2005 |
| | : | |
| ERIC NORRIS | : | |

## PETITION FOR REMAND

The Appellant in this matter, ERIC NORRIS, through his attorney, J. Matthew Wolfe, Esquire, respectfully requests that this Honorable Court grant a Petition for Remand, respectfully representing as follows:

1. Present counsel was appointed to represent the Appellant in this matter.

2. On February 7, 2006 the Appellant filed a *pro se* Motion for Remand.

3. On February 22, 2006 this Court directed counsel to file a Petition for Remand on behalf of the Appellant that would identify the allegations of ineffectiveness made by the Appellant and comment upon them.

4. The Appellant alleges that counsel was ineffective for "standing mute" and refusing to challenge the Commonwealth's Motion to Dismiss. This is as counsel argued on the Appellant's behalf both orally and in the memorandum of law attached to the Amended Petition for PCRA Relief filed on behalf of the Appellant.

5. The Appellant accuses the Commonwealth of mendacity with regards to the date that the criminal complaint was filed in this matter and his counsel with ineffectiveness for failing to present the proper date of the complaint being filed. The Appellant maintains that the complaint was filed on May 18, 1998 rather than June 12, 1999. The Lower Court states in its opinion that the date of the complaint was the June 12, 1999 date, and this is reflected in the bills of information.

6. The Appellant alleges ineffective assistance of counsel for counsel's failure to pursue a Rule 600 issue in his appeal. Counsel did not pursue the issue because he found the Lower Court's opinion to be persuasive on the issue.

7. The Appellant alleges that counsel "pretended to have no knowledge of the Commonwealth's Motion to Dismiss." That is not true and indeed counsel provided the Appellant with a copy of same.

8. The Appellant alleges that in the brief filed on his behalf counsel "deliberately and intentionally elected to exclude the Appellant's Rule 600 claim." This is true. The claim was excluded from the brief because counsel is under an obligation to set forth to the court all meritorious issues and only meritorious issues. The issue was excluded because it lacked merit. Other issues of merit were included.

9. The Appellant alleges that counsel "simply ignored" the Appellant's request that he amend the brief to include the Rule 600 issue. This is not true, as counsel carefully considered the issue, included it in his initial Statement of Matters Complained of on Appeal and researched the issue. It after considering the issue, counsel was forced to conclude that the issue had no merit.

WHEREFORE, the appellant, ERIC NORRIS, respectfully requests that this Honorable Court remand this matter to the Court of Common Pleas.

Respectfully submitted,

_____
J. Matthew Wolfe, Esquire
Attorney for Appellant

J. MATTHEW WOLFE, ESQUIRE
I.D. NO. 34814
4256 Regent Square                              Attorney for Appellant
Philadelphia, PA  19104
(215) 387-7300
Matthew@Wolfe.org

---

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | No. 232 EDA 2005 |
| ERIC NORRIS | : | |

## CERTIFICATE OF SERVICE

I, J. Matthew Wolfe, Esquire, hereby certify that on September 7, 2005, I mailed a copy of the Petition for Remand to the Philadelphia District Attorney's Office at the below address:

>Hugh Burns, Esquire
>Assistant District Attorney
>1421 Arch Street
>Philadelphia, PA  19102

Respectfully submitted,

_____
J. Matthew Wolfe, Esquire
Attorney for the Appellant