IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC D. NORRIS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MARILYN BROOKS, et al. | : | NO.  06-5509 |

### REPORT AND RECOMMENDATION

**JACOB P. HART**
**UNITED STATES MAGISTRATE JUDGE**                                                  **May 10, 2007**

     This is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by an individual currently incarcerated at State Correctional Institution at Albion, Pennsylvania.  For the reasons that follow, I recommend that the petition be denied.

### FACTS AND PROCEDURAL HISTORY:

     Petitioner, Norris' conviction stems from an incident which occurred on May 17, 1998 into the early morning of May 18, 1998, outside of a night club on Germantown Avenue, in Philadelphia.  Petitioner and his cousin allegedly beat the victim with a metal anti-theft device to prevent theft of cars, known as "the Club".  The victim suffered broken bones in his left eye socket, loss of hearing for two months and lacerations.

     On August 21, 2001, following a bifurcated bench trial before the Honorable Richard B. Klein of the Philadelphia Court of Common Pleas, Norris was convicted of aggravated assault, simple assault, recklessly endangering another person, possessing an instrument of crime and criminal conspiracy.  Immediately after the verdict was announced, Norris informed the court that he had wanted to testify but that counsel had prevented him from doing so.  Judge Klein allowed trial counsel, Edward Meehan, Jr., to withdraw and appointed new counsel.  Following a

hearing, which was held on December 14, 2001, Judge Klein determined that trial counsel had not been ineffective and proceeded to sentencing.

Although the Commonwealth provided notice of its intent to seek the mandatory minimum sentence under 42 Pa.C.S.A. § 9714, Pennsylvania's "three strikes" law, Judge Klein refused and sentenced Norris to a mandatory term of ten to twenty years' imprisonment for aggravated assault and concurrent terms of six to twelve years for criminal conspiracy, and two and a half years for possessing an instrument of crime.

The Commonwealth appealed the sentence and Norris filed a cross-appeal, in which he responded to the Commonwealth's sentencing claim, but did not raise any of his own claims.  On March 10, 2003, the Superior Court vacated the sentence and remanded the case for re-sentencing in accordance with the "three strikes" law.  Commonwealth v. Norris, 819 A.2d 568 (Pa. Super 2003).  Norris was re-sentenced on July 1, 2003, by the Honorable Shelly Robbins-New, to the mandatory term of twenty-five to fifty years' imprisonment for aggravated assault, and concurrent terms of six to twelve years for criminal conspiracy, and two and a half to five years for possessing an instrument of crime.  He failed to file an appeal.

On August 4, 2003, Norris filed a pro se petition pursuant to Pennsylvania's Post Conviction Relief Act, ("PCRA"), 42 Pa.C.S.A. §§ 9541-9551.  His appointed counsel filed an amended petition, alleging:(1) Trial counsel was ineffective for failing to move for dismissal of the charges against him due to an alleged violation of petitioner's right to a speedy trial under Pa.R.Crim.P. 600, as well as his federal and state constitutional rights; and (2) Post-trial and appellate counsel were ineffective for failing to preserve petitioner's claim of trial counsel

ineffectiveness. The PCRA court dismissed the petition on December 27, 2004, without a hearing, and filed its opinion on July 26, 2005.

Norris, through his appointed counsel, filed an appeal of the dismissal of his PCRA petition with the Superior Court. Counsel, however, when filing the brief, chose to abandon any allegation of ineffective assistance of counsel based upon alleged violations of Norris' rights to a speedy trial. In response, Norris filed a <u>pro se</u> "Supplemental Amendment to Appellant's Brief", in which he alleged that his appointed counsel, Mr. Wolfe, was ineffective for failing to include the speedy trial based ineffective assistance claims in the initial brief, and requesting that Mr. Wolfe be dismissed and new counsel appointed.

In response, the Superior Court ordered counsel to file a petition for remand addressing Norris' allegations of ineffectiveness so the court could determine if remand was necessary. Mr. Wolfe stated in his counseled brief that he had strategically chosen not to include the speedy trial based claims of ineffective assistance in his brief because he had been persuaded by the PCRA Court's opinion and by his further research that the claim lacked merit. On June 7, 2006, the Superior Court issued a memorandum opinion, affirming the dismissal of the PCRA petition, basing its decision in part on its finding that Mr. Wolfe was not ineffective. <u>Commonwealth v. Norris</u>, 905 A.2d 1047 (Pa. Super. 2006) (Table); Memorandum Opinion - Respondent's Exhibit H. As a result, the Superior Court never considered the merits of Norris' speedy trial claim, nor did it ever consider the merits of his ineffective assistance claims relating to the speedy trial issue.

Petitioner filed a petition for <u>allocatur</u>, which the Pennsylvania Supreme Court denied on October 17, 2006.  <u>Commonwealth v. Norris</u>, 909 A.2d 1289 (Pa. 2006) (Table).

On January 5, 2007, Norris filed this timely petition for habeas corpus relief, alleging that trial and appellate counsel were ineffective for failing to preserve his rights to a speedy trial pursuant to Pennsylvania Rule of Criminal Procedure 600, as well as the Pennsylvania and United States Constitutions.

**DISCUSSION:**

Respondent asserts that Norris' claims are procedurally defaulted and that the petition should be dismissed[1].  Upon review of the petition, we agree that Norris has failed to properly exhaust his claims and they are now defaulted.

Before the federal court may grant a state court petitioner habeas relief, the petitioner must exhaust his state court remedies.  <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999); <u>Lambert v. Blackwell</u>, 387 F.3d 210, 231 (3d Cir. 2004).  A federal habeas petitioner must invoke "one complete round of the State's established review process."  <u>O'Sullivan</u>, 526 U.S. at 845.  The petitioner retains the burden of demonstrating that his claims have been "fairly presented" to the state courts, which is satisfied when a petitioner presents a claim's "factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted."  <u>McCandless v. Vaughn</u>, 172 F.3d 255, 261 (3d Cir. 1999).  However, "[i]f [a] petitioner failed to exhaust state remedies and the court to which petitioner

---

[1] Upon receipt of Respondent's Answer to the petition, Norris submitted a letter dated March 8, 2007, indicating his intent to file a reply, which was docketed as a "Reply to Respondent's Motion to Dismiss."  This Court refrained from issuing this Report and Recommendation so as to allow Norris time to respond.  However, Local Rule 9.4 provides that a petitioner must file a reply to a response within 21 days.  <u>See</u> E.D. Pa. R. Civ. P. 9.4.  While this time period has more than lapsed, as of this date, petitioner has still failed to file a reply.

would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is procedural default for the purpose of federal habeas . . ." Coleman v. Thompson, 501 U.S. 722, 735 n. 1, 111 S. Ct. 2546, 2257(1991); McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999).  Similarly, if the petitioner presented a claim, but the state court refused to address the merits of the claim for some procedural reason, the claim is procedurally defaulted.  Sistrunk v. Vaughn, 96 F.3d 666, 673 (3d Cir. 1996) (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)).

     Norris raised the claims he now alleges in this petition to the state court in his PCRA petition, but he failed to properly present them to the Superior Court.  Petitioner's counsel on the appeal of his PCRA petition failed to include the claims in his brief after being persuaded by the PCRA court and his own research, that the underlying claims were without merit.  While petitioner filed supplemental pro se papers with the court and requested new counsel, the claims now being presented were never properly before the Superior Court.  Accordingly, the Superior Court was not given the opportunity to address the merits of Norris' claims.

     Pursuant to well-established state law, Norris now has no recourse for exhausting them. The PCRA statute states that, "[a]ny petition under this subchapter . . . shall be filed within one year of the date the judgment becomes final . . ." 42 Pa.C.S.A. § 9545(b) (1998).  As petitioner's judgment became final in August of 2003,[2] he had until August of 2004, to seek collateral relief under this statute.  The Pennsylvania Supreme Court has conclusively established that the one-

---

[2] See 42 Pa.C.S.A. § 9545(b)(3) (judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.).

year statute of limitations acts as a jurisdictional bar and is not subject to equitable tolling. Commonwealth v. Fahy, 737 A.2d 214, 222 (Pa. 1999). Accordingly, any current attempt by Norris to file a third PCRA petition raising these claims would unequivocally be deemed untimely. Because petitioner cannot now return to the Pennsylvania courts, these unexhausted claims become procedurally defaulted for purposes of habeas review. See Coleman v. Thompson, 501 U.S. at 735 n. 1.

To survive procedural default in the federal courts, the petitioner must either "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Id. at 750. To establish the fundamental miscarriage of justice exception, petitioner must demonstrate his "actual innocence." Schlup v. Delo, 513 U.S. 298, 324, 115 S. Ct. 851, 865 (1995); Calderon v. Thompson, 523 U.S. 538, 559, 118 S. Ct. 1489, 1503 (1998). On the other hand, a showing of cause demands that a petitioner establish that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Coleman, 501 U.S. at 753. Once cause is proven, petitioner must also show that prejudice resulted from trial errors that "worked to [petitioner's] actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494, 106 S. Ct. 2639, 2648-49 (1986).

In the case at bar, Norris has not satisfied either exception. He has not even alleged, let alone proven, actual innocence. Petitioner implies that PCRA counsel was ineffective for failing to include among the issues raised in the appeal of the dismissal of his PCRA petition, the speedy

trial issues he now raises.  However, even though Norris presented this claim of alleged ineffective assistance of counsel to the Superior Court, this allegation fails to constitute cause and prejudice to excuse the default.  The United States Supreme Court has explicitly held that a prisoner has no constitutional right to counsel for a collateral attack on his petition.  <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 555, 107 S. Ct. 1990, 1993 (1987).  Accordingly, an allegation of ineffective assistance of PCRA counsel cannot constitute cause to excuse procedural default.  <u>Coleman</u>, 501 U.S. at 752.  We therefore have no alternative but to dismiss the petition in its entirety.

   Therefore, I make the following:

### **R E C O M M E N D A T I O N**

AND NOW, this 10th day of May, 2007, IT IS RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be DENIED.  There has been <u>no</u> substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability.

         /s/Jacob P. Hart
         _____
         JACOB P. HART
         UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ERIC D. NORRIS                     :         CIVIL ACTION
                                   :
     v.                            :
                                   :
MARILYN BROOKS, et al.             :         NO.  06-5509

**O R D E R**

CLIFFORD SCOTT GREEN, J.

      AND NOW, this            day of                    , 2007, upon careful and independent consideration of the petition for writ of habeas corpus, and after review of the Report and Recommendation of United States Magistrate Judge Jacob P. Hart, IT IS ORDERED that:

      1.  The Report and Recommendation is APPROVED and ADOPTED.

      2.  The petition for a writ of habeas corpus is DENIED.

      3.  There is <u>no</u> basis for the issuance of a certificate of appealability.

BY THE COURT:


_____
CLIFFORD SCOTT GREEN, J.